FELLOWS *vs.* THE COMMISSIONERS for loaning certain moneys of the United States of the county of Oneida, and BLISS.

The rule that when an agent, while strictly pursuing his authority, commits a wrong, he thereby binds the principal, does not apply to a case where the agent departing from the line of his duty is bargaining on his own account, and securing a benefit for his own private advantage, exclusively.

When an agent does not pretend, nor assume, to be acting for another, but purely and strictly on his own behalf, and for his own benefit, a subsequent ratification will not bind the principal.

The payment of a bonus, by a borrower, to the agent through whom a loan is made, without the knowledge or assent of the principal, does not constitute usury, so as to invalidate the security taken on the loan.

R. and P., who were commissioners for loaning certain moneys of the United States, within a certain district, appointed by the state, and acting under a special and limited authority defined by law, and having no power to act for their principal, the state, except that contained in the statute, made a loan to F. of $500, of the public moneys, taking from him a mortgage to secure the payment thereof, and exacting and receiving from him $15, by way of bonus to themselves. *Held* that this did not render the mortgage void for usury.

*It seems* that if a borrower of any portion of the United States deposit fund omits to pay the interest due in October and for 23 days thereafter, the mortgage becomes *ipso facto* foreclosed, and the commissioners are seised, at once, of an absolute and indefeasible estate in fee of the lands; after which there remains only a right of redemption, as specified in the act.

THIS action was commenced originally by the plaintiff above named, against "The Commissioners for loaning certain moneys of the United States of the county of Oneida," on

the 29th day of January, 1861. The object of the action was to set aside and cancel a mortgage executed by the plaintiff and one William K. Fellows, to said commissioners, for $500, bearing date the 2d day of November, 1855, on the ground of usury. The premises had been conveyed by William K. Fellows to the plaintiff. The interest had been paid on the mortgage until 1860. And on account of the non-payment that year, the premises were advertised to be sold under the mortgage, on the 5th day of February, 1861. At the commencement of the action, an injunction order restraining the defendants from selling was obtained and served with the summons and complaint. That order was vacated by the justice who granted it, of which neither the plaintiff nor his attorney had notice until after the sale of the premises. The defendant Jonathan Bliss became the purchaser at the sale, at the request of the commissioners, with full knowledge of the interest and equities of the plaintiff, and paid no part of the purchase money. The plaintiff then by leave of the court served a supplemental complaint, and amended the summons by making Bliss a party defendant, and the relief prayed for in the complaint was as follows: That the mortgage be declared void, and that the defendants be adjudged to execute a release and discharge of the same; or in case said mortgage should not be held to be absolutely and entirely void for usury, that the plaintiff might be relieved from paying thereon more than the money actually loaned, with the interest. And further, by way of supplemental complaint and as against all the defendants, that the said Bliss be required to surrender up and cancel any and all evidence of title that may have been given to him by the said commissioners upon the aforesaid sale or by reason thereof; and that said sale be declared void, so far as the rights of the plaintiff are concerned. And in case the said mortgage should not be adjudged void, or any part thereof, by reason of any thing in said complaint contained, then that

the plaintiff be allowed to redeem said premises the same in all respects as if said sale had not been made.

The cause was brought to trial at a special term of this court, on the 20th day of November, 1861, before his honor Judge BACON. And on the opening by the plaintiff's counsel, the counsel for the defendant moved for judgment on the complaint and opening of counsel, upon these grounds: First. That the complaint stated that the interest on the mortgage was not paid, and the proceeding to sell was in pursuance of the statute. Second. The plaintiff asks to be relieved from the non-payment of the interest and the absolute transfer of the title of the mortgaged premises, by virtue of the 1 *R. S.* 698, § 32, *5th ed.*, to be relieved from the sale of the mortgaged premises and its effect. To obtain this relief, they must bring into court and offer to pay the money actually loaned. Third. This is not a case of usury; the commissioners, Messrs. Rouse and Potter, were agents of the lender—acting under a special and public authority. The authority was by virtue of a general statute, and every one is deemed to know it. There is no pretense or allegation that the lender, which is the state, received any bonus, or authorized, or had knowledge of, or assented to, any. That could only be done by act of the legislature. The payment of a bonus to an agent, through whom a loan is made, without the knowledge or assent of the principal, does not invalidate the security. The bonus must be for the lender, the principal. In this case, it is admitted the alleged usury was not in fact received for the principal's benefit. Fourth. The plaintiff is not entitled to have the sale opened by reason of the injunction, or any thing pertaining to it, as he has not made a case which entitles him to have the sale opened. He has not shown that he desired to bid at the sale, or to redeem the premises.

The court granted the motion, to which ruling and decision the plaintiff excepted. The plaintiff's counsel then offered to prove all the facts and allegations set out in the

complaint, to which the defendants' counsel objected, on the grounds that the facts stated in the complaint, coupled with the admission that the money alleged to have been paid or allowed for usury, was not taken for or paid over to the state, did not entitle the plaintiff to the relief demanded. The court sustained the objection, to which the plaintiff's counsel excepted. The court then, on motion of the defendants' counsel, dismissed the complaint, and the plaintiff appealed from the judgment.

*L. J. Sanders,* for the plaintiff.

*C. H. Doolittle,* for the defendants.

*By the Court,* BACON, J.    This case was decided mainly upon the authority of *Condit* v. *Baldwin,* (21 *N. Y. Rep.* 219,) with which it is nearly identical in its facts, and from which it seems to me impossible to distinguish it, in principle. In that case the money loaned ($400) was the money of the plaintiff, intrusted to one Williams as her agent to loan. The defendants negotiated a loan for that amount, from Williams, and the promissory note of the defendants for the amount of the $400 was received by Williams for the plaintiff, and the sum of $25 was paid by them to Williams as a bonus, for his own use and benefit. The suit was upon the note, in the name of the lender of the money, and the defense of usury was pleaded, and it was adjudged in the supreme court and on appeal by the court of appeals, that where an agent thus intrusted with money to invest at legal interest exacted a bonus for himself as a condition of making the loan, without the knowledge of his principal, this did not constitute usury in the principal, nor affect the security in his hands.

The doctrine of the court in that case is in substance that, to constitute usury, there must be an unlawful intent on the lender to take illegal interest, and the intention to secure the

illegal interest must have been in the full contemplation of both the real parties to the transaction. In contracting for, and receiving, the bonus, the agent was not acting in the business and in behalf of his principal, but departed from his instructions, and violated the law. The rule, therefore, that when an agent while strictly pursuing his authority commits a wrong, he thereby binds the principal, does not apply to a case where the agent, departing from the line of his duty, is bargaining on his own account, and securing a benefit for his own private advantage exclusively.

In answer to the argument that by accepting the note and commencing a suit upon it claiming the full amount, the plaintiff had ratified all the acts of the agent connected with the loan, it was said that the plaintiff only ratified the loan at the rate of interest expressed in the note, and that having had no knowledge of the alleged usury, the principal could not be held to have ratified the payment made to the agent on his own behalf. As to the plaintiff, the whole transaction of the exaction and receipt of the bonus was "*inter alios acta.*" When an agent does not pretend, nor assume, to be acting for another, but purely and strictly on his own behalf and for his own benefit, a subsequent ratification does not bind the principal.

These views and principles were, I am aware, strongly controverted by an able dissenting opinion of Judge Comstock, but they were concurred in by a majority of the court, and the decision is the decision of the court, and, whatever private view we may entertain, is to be followed and respected as the law of the land.

All the essential facts of that case in the court of appeals exist in the present case. The money for the loan of which the mortgage of Fellows, which is sought to be avoided for usury, was taken, formed originally a part of the United States surplus moneys deposited with the state, and which the state received upon trust for its repayment whenever called for by the government of the union. This money was

apportioned among the several counties in the state, to be loaned for the purpose of providing a fund for educational objects, and commissioners were appointed in each county, who were, by the act creating them, to loan the money on adequate mortgage security, at seven per cent interest. The mortgage in this case was given to the "commissioners for loaning certain moneys of the United States of the county of Oneida." Rouse and Potter were the individuals then in office, and were the agents of the lender, which was the state, acting under a special and limited authority defined by law, and had no power to act for the lender, except that contained in the statute.

Of course the state knew nothing of the alleged transaction between Rouse and Potter and the mortgagor, which is claimed to have been usurious, and it is admitted that the bonus, if any was paid, was not received by the state. Such being the conceded facts, the case is brought precisely within the principle established in *Condit* v. *Baldwin*, that the payment of a bonus to the agent through whom a loan is made, without the knowledge or assent of the principal, does not constitute usury so as to invalidate the security taken on the loan.

It is said that these parties were something more than agents; that they were the lenders of the money, having no principal to consult, and no one behind to assent to, or dissent from, their proceedings. Precisely the same thing might have been said, and the same facts existed in the case of *Condit* v. *Baldwin*. Williams had his general authority to loan the money for his principal, at seven per cent; the same authority the statute gave the commissioners in this case. The lender knew nothing of the negotiation, nothing of the security, and each received and held the obligation to pay the money that each had advanced, ignorant of, and unaffected by, an outside arrangement wholly beyond the authority, and for the exclusive private benefit and advantage of the agent. The plaintiff having failed to show that the mortgage was

void for usury, which was the entire gravamen of his complaint, was properly nonsuited, and the complaint dismissed.

There was no application upon the trial for leave to redeem the premises from the mortgage sale, by paying the mortgage and the interest, although there is such a prayer in the complaint. The case was decided entirely upon the allegations of fact in the complaint coupled with the real admissions made on the trial, and the other point, now suggested for the first time, did not arise.

I am strongly inclined to think that there is another fatal objection to the remedy sought here, to wit, that the application comes too late. By the statute (1 *R. S.* 698, § 32, *5th ed.*) it is provided that if the borrower omits to pay interest due in October and for twenty-three days thereafter, the mortgage becomes *ipso facto* foreclosed, and the commissioners are seised at once of an absolute and indefeasible estate in fee of the lands, "any law, usage or practice of the courts of equity to the contrary notwithstanding." After this there remains only a right of redemption, as specified by the act. The interest on this mortgage was not then paid, and by the act the title became absolutely vested in the commissioners beyond the reach of a court of equity. If the plaintiff desired to be relieved from this mortgage upon the grounds he has alleged, it seems to me he should have moved before the forfeiture, and the absolute alienation which the statute makes, and that neither relief nor redemption are now within his power.

But however this may be, I think that on the other ground the relief was properly denied, and the judgment dismissing the complaint should be affirmed.

[OSWEGO GENERAL TERM, July 8, 1862. *Mullin, Morgan* and *Bacon,* Justices.]