## GOODNOW v. STRYKER.

1. **Taxes:** ERRONEOUS PAYMENT UPON ANOTHER'S LAND: RECOVERY BY PAYER FROM OWNER. Where plaintiff's assignor, believing himself to be the owner of certain land, paid the taxes thereon, and it was afterwards adjudicated that the title was in the defendant, and the defendant, in a suit brought against him by the county to recover the taxes, pleaded such payment as a defense, *held* that this plea was such an appropriation to himself of the benefit of such payment as to amount to a ratification by him of the act of plaintiff's assignor in making the payment, and that plaintiff was entitled to recover the amount so paid from the defendant, as money advanced for him.

2. ——: ——: ——: STATUTE OF LIMITATIONS. In such case, the statute of limitations did not begin to run at the time payment was made by plaintiff's assignor, but from the time when defendant became liable by his plea adopting and claiming the benefit of the payment.

*Appeal from Webster Circuit Court.*

TUESDAY, JUNE 12.

ACTION to recover for certain taxes paid to Webster county on certain land in that county belonging to the defendant, John Stryker. The taxes were paid by the Iowa Homestead Company, which supposed itself to be the owner of the land, and they were paid under such circumstances as to raise an implied promise on the part of the defendant to reimburse the Homestead Company. This fact was established by an adjudication in this case. See *Goodnow v. Stryker,* 54 Iowa, 326, where this case is reported upon a former appeal. The plaintiff became entitled by assignment to all rights of the Homestead Company. After the case was remanded upon the former appeal, two additional defenses were set up, one or both of which must have been held sufficient. The court dismissed the plaintiff's petition, and he again appeals.

*George Crane,* for appellant.

*Theodore Hawley* and *C. H. Gatch,* for appellee.

ADAMS, J.—I. The defendant pleaded as one of its additional defenses that the plaintiff's right of recovery is barred

**1. TAXES: erroneous payment on another's land: recovery by payer from owner.** by a prior adjudication, to-wit, an adjudication in the case of the *Iowa Homestead Company v. The Des Moines Navigation & Railroad Co., John Stryker et al.*, reported in 17 Wallace, 153. To this plea the plaintiff replies, in substance, that if it should be conceded that the court made an adjudication in that case denying a right of recovery for the taxes in question in this case, yet this action is not barred, because a right of recovery has arisen since that time. The fact relied upon as giving such right of recovery is, that the defendant now claims, as he did not then, the benefits of the payments made by the Homestead Company. After this action was instituted, a petition was filed in the case by Webster county, averring, among other things, that the taxes in question have never been paid by any one, and that the same are now due to the county from the defendant. To this petition the defendant answered, averring "that all of said taxes mentioned in said petition were duly paid by the Iowa Homestead Company     *     *     *,     and said defendant is no longer liable therefor." The question presented is as to whether, if the payments in the first instance were officious, as we may assume was held, and the defendant for that reason was not liable, the subsequent adoption of the payments, for the purpose of escaping liability to the county, should be regarded as an adoption of the payment as between the defendant and plaintiff. If the plaintiff's assignor had made the payments in the name of the defendant as his assumed agent, any act of the defendant indicating an intention to claim the benefit of the payments would constitute a ratification of the acts by which the payments were made. But the defendant contends that the case is different where a person pays another person's debt, not under a claim of acting for such person, but under the mistaken supposition that the debt is due from himself. · The defendant's position is that, in such case, there

is no act of assumed agency to ratify. It must be conceded, we think, that in one sense this is so. The plaintiff's assignor did not hold himself out as the defendant's agent. Nevertheless, when the defendant claims the benefit of the payments, he elects to treat the acts of payment as done for himself. Having elected to so treat the acts, he ought not to complain if the court treats them in the same way. Natural justice certainly requires that, if the defendant has the benefit of payments as discharging his liability to the county, he should reimburse the plaintiff, whose assignor made the payments. If we were to take any other view, it appears to us that we should attach more importance to the form than the substance of things. We do not overlook the fact that, under ordinary circumstances, every tax-payer has the right, as between himself and third persons, to pay his own taxes in his own way, and to pay them to the county to which they are due, and not be compelled to run after a self-substituted creditor and make payments to him. Where, therefore, such payment is made by a third person, the tax-payer, under ordinary circumstances, has a right to ignore the payment if he chooses to do so. But if he chooses not to ignore, but to claim the benefit of it, we see no reason why we may not regard him as treating the act of payment as done for him, and, if we do so regard him, there is no difficulty in finding an implied promise to reimburse the payer or his assignee. We ought, perhaps, to say, in this connection, that the doctrine has been announced that there can be no ratification of an act not done avowedly for the principal. Story on Agency, section 251; *Fellows v. Commissioners*, 36 Barb., 655. But the case before us is peculiar. The act done was such that it necessarily inured to the defendant's sole benefit. Besides, the circumstances under which the act was done should not be overlooked. The defendant neglected the payment of the taxes, which was a duty of public concern. He allowed the plaintiff's assignor, under an honest claim of title to the land, to discharge this duty for several years in succession. Now,

while the plaintiff is not allowed by reason of the prior adjudication to set up these facts as alone sufficient to create a liability on the part of the defendant, they may be considered, we think, in connection with the fact that the defendant has since claimed the benefit of the payments, as sufficient to render such claim of benefit a ratification, if it otherwise would not be.

II.   We come, next, to consider the second additional defense, and that is that the claim is barred by the statute of limitations.   In considering this question, we have no occasion to inquire when the payments were made.   If the defendant's liability arose by reason of his adoption of the payments, as we hold, and that was done by his pleading in this case, the action is not barred.

2. SAME: statute of limitations.

Whether the action was premature is a different question, and one not raised.   We will merely say that if, at the time the defendant adopted the payments, he had tendered to the plaintiff the money necessary to discharge his liability, it would seem reasonable that he should not be held liable for the costs theretofore accrued.   But whether he could, while denying his liability, be heard, under the circumstances, to say that the action was premature, is, to say the least, doubtful.   We have considered the two additional defenses set up by the defendant, to-wit, prior adjudication and the statute of limitations, and having reached the conclusion that they are not tenable, we have to say that the judgment must be

REVERSED.