## GOODNOW v. BURROWS et al.*

1. **Former Adjudication** : RECOVERY OF TAXES PAID BY MISTAKE. (*Goodnow v. Litchfield*, 59 Iowa, 226, *followed ; Goodnow v. Stryker*, 61 Iowa, 261, *distinguished.*)

2. ——— : BY JUDGMENT IN FEDERAL COURT : JURISDICTION UPON REMOVAL OF CAUSE : ONLY PART OF DEFENDANTS NON-RESIDENTS. Plaintiff's assignor, a corporation resident of Iowa, brought an action in an Iowa court against another corporation resident of Iowa, and several non-residents, including the defendant herein. Several of the non-resident defendants, not including the defendant herein, procured a removal of the cause to the circuit court of the United States. After such removal, the defendant herein, with the consent of the plaintiff in that case, and upon a finding of the federal circuit court that he, by reason of his non-residence in Iowa, was entitled to a removal of the cause, was allowed to appear and answer in that court, and, upon a trial of the issues joined, the very issue involved in this case was adjudicated against plaintiff's assignor ; and, upon appeal to the supreme court of the United States, the judgment was affirmed. The resident defendant in that case did not petition for a removal of the cause. Plaintiff herein now insists that that judgment is not binding upon him, on the ground that the federal court had no jurisdiction, becasue the plaintiff and principal defendant in that case were both residents of Iowa, and, therefore, the right of removal did not exist. But *held*—

[*NOTE.—This case and the next one involve substantially the same question, to-wit, the question of *res adjudicata*. On that point a rehearing was granted in each case, but only one supplemental opinion was filed, and that was in the case which follows. That opinion, however, applies equally to both cases, and should be read in connection with the opinion in this case.]

(1) That the right of removal did exist as to the non-resident defendants, if the cause between plaintiff and them was such that it could be determined without the presence of the resident defendant; and

(2) That, whether the cause was such or not, the statute governing the right of removal is a federal statute, and its construction by the federal courts is binding upon the state courts; and, since the federal court expressly found that the cause was rightly removed as to the defendant herein, and the plaintiff in that case consented in that court' to a trial and determination of the cause as between it and the defendant herein, its assignee, the plaintiff herein, is bound by the judgment in that case.

(3) That it is immaterial, so far as the question of former adjudication is concerned, whether the decision of the federal court as to the removability of the case was right or wrong; and if the resident defendant followed the case to the federal courts, and, by consent of the plaintiff, had its rights adjudicated there, with or without jurisdiction, that, also, is immaterial to the point herein decided.

*Appeal from Webster District Court.*

FILED, APRIL 22, 1885.

[REFILED, MARCH 12, 1888.]

ACTION in equity to recover taxes under the same ·circumstances substantially as stated in *Goodnow v. Moulton*, 51 Iowa, 555. There was a decree for the plaintiff, and the defendants appeal.

*Nourse & Kauffman*, for appellants.

*George Crane*, for appellee.

SEEVERS, J.—I.　The defendants pleaded as a defense a former adjudication, and rely on *Homestead Co. v. Valley Ry. Co.*, 17 Wall. 153, to establish it, and their counsel insist that this case comes within and is governed by *Goodnow v. Litchfield*, 59 Iowa, 226. On the other hand, counsel for the appellee insists that the rule established in *Goodnow v. Stryker*, 61 Iowa, 261, is applicable, and that this case must be determined in accordance therewith. We deem it sufficient to say

that this case, in every respect, is like that of *Goodnow v. Litchfield*, and that the plea of former adjudication has undoubtedly been established, unless this case is governed by, and must be determined in accord with, *Goodnow v. Stryker*. In this last case, Webster county filed a petition and stated that the taxes had never been paid, and that the same were due the county. To avoid a recovery by the county, the defendant pleaded that the taxes had been paid by the plaintiff's assignor, and it was thought by the court that the adoption by defendant of such payments for the purpose of escaping liability to the county should be regarded as an adoption of the payment as between the plaintiff and defendant, and, therefore, a right of action had arisen since the former adjudication. We have no occasion to either affirm or deny the correctness of the rule established in that case, for the reason that it does not appear that Webster county is a party to this action, and there is no controversy, in fact, as to the payment of the taxes.

This action was brought to recover the taxes for 1861, 1862 and 1863, which the petition states were paid to Webster county by the Dubuque & Sioux City Railroad Company, and that said company assigned and transferred its claim to the plaintiff. The defendants in their answer denied that the taxes were paid by the railroad company, but stated that, if any payment of said taxes was made, the same was made by a corporation known as the "Iowa Homestead Company," and that whatever taxes were so paid were paid voluntarily by the party paying the same, and that no right or cause of action existed against the defendants on account thereof. Clearly, we think, the defendants, under the facts above stated, cannot be said to have adopted the payments of the taxes made by plaintiff's assignor in order to escape liability to another party. There is no claim or pretense in this case that the defendants were or could be made liable to Webster county. The defendants, in substance, pleaded that the payment of the taxes had been voluntarily or officiously made, and, therefore, no right of action existed in

favor of the plaintiff against the defendants. This question was determined in *Goodnow v. Litchfield*, before cited, and we adhere thereto.

II. Counsel for the appellee contends that the case in 17 Wall. 153, before cited, cannot be regarded as an adjudication, because the supreme court of the United States did not have jurisdiction, and, therefore, the judgment is void, and not binding on the plaintiff or those under whom he claims. The *Homestead case* was originally commenced in the state courts against the Des Moines Navigation & Railroad Company, Roswell S. Burrows and others. The navigation company was, in one sense, the principal defendant, and both it and the plaintiff are corporations organized under the laws of Iowa, and, therefore, both residents of the same state. It will be conceded as to the corporations, plaintiff and defendant, that the right of removal from the state to the federal court did not exist; but it was stated in the petition that the navigation company had conveyed a portion of the lands in controversy to Burrows and others, who were made defendants, and who were non-residents, and relief was asked against them. Three of said defendants made application for a removal of the cause to the federal court. R. S. Burrows, under whom the defendants claim, was not one of the defendants who applied for such removal. The state court seems to have made two orders for the removal of the cause to the federal court; one on October 13, 1868, and the other three days thereafter. There is some doubt whether the removal was ordered as to all the defendants, or only as to those who had asked that it be made. It will, however, be conceded that the order of the state court included the latter only, and this was assumed by the circuit court of the United States. This appears from an order made by said circuit court in May, 1870, where such fact is recited, and it is stated in said order that, it appearing that said Burrows and others were non-residents, and that they held under the same title and right as the defendants who had obtained the order of removal, and the plaintiff consenting thereto, it was

ordered that the cause as to all the defendants be transferred to the federal court, and thereafter the cause, without objection, was tried and determined in the circuit court of the United States. The plaintiff, having been defeated, appealed to the supreme court of the United States, and the decree of the circuit court was affirmed. 17 Wall. 153.

We understand counsel to claim that, as the right of removal did not exist as to the plaintiff and corporation defendant, because they were both residents of the state of Iowa, the federal court did not have jurisdiction, and that its judgment is void, although all parties consented that the cause should be tried and determined by said court. Counsel cites a large number of authorities which, he claims, support his position; but we think they are clearly distinguishable, because the facts are materially different.

It will be conceded, for the purposes of this case, that the state court erred in ordering a removal as to any of the defendants, because all of them were not entitled thereto. But no appeal was taken from such order, nor was the federal court asked to remand the cause to the state court. The federal court assumed and took jurisdiction with the consent of all the parties to the action. The jurisdiction of the federal courts depends upon residence, and the amount in controversy. Ordinarily the subject-matter is within the jurisdiction of such courts, and in the case under consideration the federal court had undoubted jurisdiction, except as it might be affected by the question of citizenship.

Now, as we have seen, the court, with the consent of the plaintiff, under whom the plaintiff in this action claims, assumed and took jurisdiction of the action and all of the parties without any objection submitted thereto. The judgment in such case as to the parties and those claiming under them cannot be said to be void. Clearly, it seems to us that the homestead company, after invoking or consenting to the jurisdiction of the federal courts, and consenting that they should hear and determine the cause, should be estopped from now

claiming that the judgment is void because the court did not have jurisdiction. The question of jurisdiction relates to the parties, and not to the subject-matter of the action ; and if the parties make no objection, and consent that the court should determine the controversy, we think they are bound thereby, although the court is one of limited jurisdiction, provided there was jurisdiction of the subject-matter.

III. It is objected by the appellee that the evidence upon which the case was tried in the district court is not properly and sufficiently identified by the statement contained in the abstract. Conceding this to be so, we think appellants have filed a paper which does sufficiently identify the evidence, and which shows that the evidence upon which the case was tried in the district court is in the record before this court.

REVERSED.

[ See next case for supplemental opinion.]