GOODNOW v. BURROWS *et al.*

**Former Adjudication :** RECOVERY OF TAXES PAID. ( *Goodnow v. Burrows. ante,* p. 251, *followed ; Goodnow v. Stryker,* 61 Iowa, 261, *distinguished.*)

*Appeal from Webster District Court.*

FILED, APRIL 22, 1885.

[ REFILED, MARCH 12, 1888.]

THE facts in this case are precisely like those in the preceding case, except as indicated in the opinion. The court rendered a decree in favor of the plaintiff, and the defendants appeal.

*Nourse & Kauffman,* for appellants.

*Geo. Crane,* for appellee.

SEEVERS, J.—The petition states that Webster county levied taxes on certain real estate, described in the petition, which belonged to Roswell S. Burrows, for the years 1864 to 1871, inclusive, and that the Iowa Homestead Company "gave or delivered over" to said county the amount of taxes so levied, and took from the county "receipts showing the amounts so handed over." This amounts to an allegation that the homestead company paid the taxes aforesaid, and the evidence introduced by the plaintiff so shows. The payment was absolute. No rights whatever were reserved. Webster county was made a defendant, and the relief asked is that an account be taken of the taxes paid, and that the plaintiff have a decree against Burrows for such amount in the name of the plaintiff, or in the name of Webster county, and that the same be made a lien on the lands. Webster county answered the petition, and denied the allegations of the petition, and pleaded a former adjudication. Afterwards the plaintiff filed an amendment to the petition, and stated that, at the time the taxes were "handed over" or paid to Webster county, it was agreed and understood that, if the county should receive or collect the said taxes of and from the said defendant, the county would repay the taxes to the plaintiff's assignor, the homestead company, and that it was understood and agreed that the county would sue defendant in its own name for said taxes, and in case it should collect the same the county would pay such amount to the plaintiff's assignor.

Afterwards, in January, 1879, the county filed a substituted answer for the pleading theretofore filed, and stated that it claimed the benefit of the suit commenced by the plaintiff, and "that said taxes have never been paid, nor any part thereof, and that defendant Burrows has never paid any taxes to said county, nor any part thereof; on the contrary, the whole thereof are due said county from said defendant." Appropriate relief was asked. In October, 1879, the plaintiff filed an

VOL. 74—17

amendment, or additional petition, stating that R. S. Burrows had died in March, 1879, and asking that the present defendants, as his heirs or executors, be made defendants to the action. Afterwards, in May, 1880, the plaintiff filed an amendment to his petition, and thereby struck out of the petition all allegations therein as to any agreement with the county that it should bring suit for the taxes, and if it collected the same it would pay the amount so collected to plaintiff's assignor, and struck out the prayer for a decree in the name of the county for the use of the plaintiff, and asked a decree in favor of the plaintiff against the defendants. R. S. Burrows was served with notice of the action, but he never filed an answer. The present defendants appeared, and in December, 1880, they filed a petition asking the removal of the cause to the federal court, which the state court denied. Afterwards, the defendants answered the petition and pleaded a former adjudication, and denied "that the county of Webster has any interest in the suit, either as a plaintiff or defendant, but aver that the taxes assessed against the real estate described in the plaintiff's petition have been fully paid, and the lien thereof fully discharged." The defendants admitted the levy of the taxes, and that the homestead company paid the same, but stated that such payments were voluntary.

Counsel for appellee insists that this case comes within the rule established in *Goodnow v. Stryker*, 61 Iowa, 261, and for the purpose of determining this single question we have stated fully the material portions of the pleadings, for the reason that they are somewhat different from those in the preceding case. The amended answer filed by Webster county should possibly be treated as a cross-petition. To it, however, no answer was filed, nor was any default taken, and when the cause was tried the county did not appear. The record discloses the fact that the trial was wholly between the plaintiff and the defendants. The decree settles their rights only. It, therefore, clearly appears that whatever Webster county may have at one time claimed was

abandoned, and the plaintiff clearly indicated, by the last pleading filed by him, that he also abandoned any and all relief based on any rights the county had. Besides this, the plaintiff alleged in the petition that the homestead company had paid the taxes to the county, and this was admitted by the defendants in their answer. The only issues, therefore, in the case were whether the payments were voluntary, and the former adjudication.

It is apparent that the defendants were not required and did not avail themselves of the payments made by the homestead company to defeat the claim of the county, for the reason that the county had abandoned such claim; and as to the plaintiff, as we have said, there was no issue as to who had paid the taxes, nor was there any controversy as to such payments except as to the amount paid. This case, therefore, is not within the rule established in the *Stryker case*, above cited, and, following the foregoing case, the plea of former adjudication must be sustained, and the decision of the district court

REVERSED.

SUPPLEMENTAL OPINION.

[ FILED, MARCH 12, 1888.]

ROTHROCK, J.—The foregoing opinion was filed in this cause on the twenty-second day of April, 1885. At the same time an opinion was filed in the case of *Goodnow v. Louisa C. Burrows et al.* See p. 251, *ante.* Petitions for rehearing were filed in both of the cases, and rehearings were granted. The question as to an adjudication of the plaintiff's right to recover for the taxes paid was considered in both cases. In the case against Louisa C. Burrows this question was discussed and determined in the opinion, and the opinion in the case at bar merely follows the decision in the other case. We have thought it proper to dispose of that question on rehearing in this case.

The defendants claim that all right of the plaintiff

to recover for these taxes was adjudicated and settled against the, assignor of the plaintiff in the case of *Homestead Co. v. Valley Ry. Co.*, 17 Wall. 153. The plaintiff, in answer to this claim, makes the same question now, on rehearing, as was made on the original submission of the cause, that there was no adjudication of this question, because the circuit court of the United States, before which the cause was tried, and the supreme court of the United States, in which it was disposed of upon appeal, had no jurisdiction of the suit. In order that the ruling we make upon this question may be fairly understood, it is necessary that we should refer to certain parts of the record in the case of *Homestead Co. v. Valley Ry. Co.*, *supra.* The suit was commenced in the district court of Webster county, in this state, in 1868. The Des Moines Navigation & Railroad Company was made a party defendant, and it was stated in the petition that it was a corporation created by the laws of Iowa. The names of Edwin C. Litchfield, Electus B. Litchfield, Roswell S. Burrows, and a number of others were inserted in the petition as defendants. The object of the action was to quiet the plaintiff's alleged title to what was known as the " Des Moines River Grant of Lands " ; and it was alleged that the navigation and railroad company had conveyed certain parcels of the land to the persons above named. The defendants, the navigation and railroad company and Edwin C. Litchfield and Electus B. Litchfield, accepted service of an original notice in the action ; and on the fifteenth day of May, 1869, Edwin C. Litchfield and Electus B. Litchfield, with John Stryker, another defendant, appeared in the district court of Webster county, and filed a petition for the removal of the cause to the circuit court of the United States, upon the ground that they were citizens of the state of New York, and the plaintiff was a citizen of the state of Iowa. An order of removal was made, of which the following is a copy: "In this cause the defendants Litchfield and Stryker come and file their affidavits, bond and petition for the transfer

of this cause to the circuit court of the United States for the district of Iowa, under certain acts of congress of the United States; and the court being satisfied that said affidavits and petition are sufficient under said law, and said bond being approved by the court, it is ordered that this cause, as to the said defendants, be transferred to said circuit court of the United States for the district of Iowa, and the clerk is ordered to make the proper papers for said transfer." After the cause was removed, Roswell S. Burrows appeared in the circuit court of the United States, and filed his answer, in which he alleged that he was a citizen of the state of New York, and that he was the owner of lands in controversy in the action, which he specifically described, and that he acquired said lands by grant from the navigation and railroad company. Others of the defendants also filed their answers. Thereupon the circuit court entered the following order: "This action was commenced in the district court of Webster county, Iowa, at the October term of said district court. The defendants Edwin C. Litchfield, Electus B. Litchfield and John Stryker filed their affidavit, bond and petition asking the removal of this action from said district court to this court, under the provisions of the act of congress, approved March 2, 1867, entitled 'An act to amend "an act for the removal of causes in certain cases from the state courts," approved July 17, 1866.' And it appearing to said district court that said Edwin C. Litchfield, Electus B. Litchfield and John Stryker were non-residents of the state of Iowa, and residents of the state of New York, and that their application for the removal of this cause to this court is in all respects conformed to the requirements of said act of congress, the said district court, at the October term thereof, in the year 1868, made the usual order transferring and removing this cause to this court, as to the defendants Edwin C. Litchfield, Electus B. Litchfield and John Stryker; and this cause, as to said defendants, removed to this court for trial. And it appearing that the defendants Samuel G. Wolcott, Roswell S. Burrows, Wm. J. McAlpine, Richard B.

Chapman, Albert H. Tracy, Francis W. Tracy, Harriet Tracy and Edward Wade are each and every one of them non-residents of the state of Iowa and district of Iowa, and, under the statute above referred to, are also entitled to a removal of this cause from the state court, and that said defendants, with the express consent and approval of the plaintiff, have appeared and answered the bill herein, and asked to be made parties defendant, and that their rights may be heard and determined in this court and on the trial of this action; and it further appearing to this court that the defendants so asking to be made parties claim and hold under the same title as the defendants Edwin C. Litchfield, Electus B. Litchfield and John Stryker, and that their defense is in all respects identical; with the said plaintiff consenting, it is ordered that said Samuel G. Wolcott, Wm. B. Wells, Roswell S. Burrows, Wm. J. McAlpine, Richard B. Chapman, Albert H. Tracy, Francis W. Tracy, Harriet Tracy and Edward Wade, and each and every one of them, be made parties defendant herein; that the answer filed by said persons be taken and deemed their answer to the complainant's bill, and that by their appearance and answer herein the said persons be deemed and treated as defendants herein, and their rights in the premises adjudicated in and by this court in said action." It appears that the navigation company, defendant, also answered; but it made no application for the removal of the cause, and, in the further proceedings in the federal circuit and supreme courts, no mention is made of any reason why it was retained as a defendant. It appears, however, that it was so treated through the further progress of the case, and until the final decree in the supreme court, in which it was determined that plaintiff had no title to the lands in controversy, and that it had no right to be reimbursed for taxes paid upon the land. That decision, so far as it pertained to the right to recover for taxes, was followed by this court in *Goodnow v. Litchfield*, 59 Iowa, 226.

Counsel for the plaintiff insists that the federal

court had no jurisdiction of the action, because the homestead company, plaintiff, and the navigation company, defendant, were both citizens of the state of Iowa. The act of congress under which the removal of the cause was ordered is as follows : "When the suit is against an alien and a citizen of the state wherein it is brought, or is by a citizen of such state against a citizen of the same and a citizen of another state, it may be so removed ( from the state to the federal court ), as against said alien or citizen of another state, upon the petition of such defendant, filed at any time before the trial or final hearing of the cause, if, so far as it relates to him, it is brought for the purpose of restraining or enjoining him, or is a suit in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendants as parties in the cause. But such removal shall not take away or prejudice the right of the plaintiff to proceed at the same time with the suit in the state court as against the other defendants." Rev. Stat. U. S. 114. Counsel for appellee has cited a number of decisions of the supreme court of the United States, in which it was held that the federal courts had no jurisdiction of the causes removed to them from the state courts because of the want of the requisite citizenship of the parties. In all of these cases the question of jurisdiction was raised, either upon appeal or by writ of error, in the very cause in which the question was involved. We do not regard it as necessary to set out or consider these cases. It is claimed, however, that, where it appears upon the face of the record that the federal court had no jurisdiction of a cause, its judgment is void, and may be attacked collaterally. This may be conceded for the purposes of this case; but it does not meet the question under consideration. It does not follow that because the homestead company, plaintiff, and the navigation company, defendant, were both citizens of the state of Iowa, and this fact appeared upon the face of the record, that the federal court was without jurisdiction. The proposition might

be conceded if the navigation company had been the only party defendant ; but the defendants Litchfield and Stryker, who petitioned for the removal of the suit as to them, were defendants and citizens of the state of New York, and they had the right to present the question to the state court whether or not they were entitled to a removal, notwithstanding the navigation company, defendant, and the plaintiff were both citizens of Iowa. This is just what was done ; at least, the state court ordered that the " cause as to the said defendants [ Litchfield and Stryker ] be transferred to the circuit court of the United States", and the circuit court found and determined that the cause was transferred and removed to the circuit court " as to the defendants Edwin C. Litchfield, Electus B. Litchfield and John Stryker ; and this cause, as to said defendants, removed to this court [ the circuit court ] for trial." Afterwards, by order of the court, and with the " express consent and approval of the plaintiff ", the other defendants, non-residents of the state of Iowa, including Roswell C. Burrows, appeared in the circuit court and answered, and they, were admitted to defend, upon the ground that they held the lands claimed by them by the same title as the defendants upon whose petition the cause had been removed, and were also entitled to a removal of the cause from the state court. There was an express decision of the federal court that these defendants were entitled to a removal of the cause from the state to the federal court. The question was directly presented and determined by both the state and federal courts. The navigation company made no application for removal, and the right to removal as to all of the defendants was not determined. The statute under which the removal was effected does not require that all of the defendants must necessarily be citizens of a state other than that of which the plaintiff is a citizen. If there can be a final determination of the controversy, so far as concerns the non-resident defendants who petition for the removal, without the presence of the other defendants as parties, then the petitioners are entitled

Goodnow v. Burrows.

to the removal, and there was ground for holding that the action was severable. It is quite apparent that the plaintiff in that case might have brought separate actions against all of the defendants ; and the navigation company, the grantor of the other defendants, was in no sense an indispensable or necessary party to an action against its grantees. But whether the action was severable or not is not for this court to determine. That was a question for the federal court. Its decision was a construction of the federal statute, as applicable to the facts of the case before it, and it is manifest that no state court is authorized to declare that the decision was erroneous. And it is entirely immaterial what became of the navigation company as a party to the action. If it followed the case, and, by consent of the plaintiff, had its rights adjudicated, that cannot affect the adjudication as between the homestead company and the defendants who were held to be entitled to the removal as to them. At the instance of the plaintiff, this court has held that the decision in the homestead case was the authoritative and binding adjudication that the defendants therein were the owners of the land which was so long in controversy. *Goodenough v. Moulton*, 51 Iowa, 555. We are asked now to hold that the federal court had no jurisdiction in that case ; and of course it must follow that, having no jurisdiction, its decree was void, and neither settled the title nor the right to recover taxes paid by the parties. We must decline to take such a position. We have said that the question whether the action was severable was properly presented, and that it is immaterial, so far as the authority of this court is concerned, to determine whether it was correctly decided or not. It may be that under the case of *Shainwald v. Lewis*, 108 U. S. 158; s. c., 2 Sup. Ct. Rep. 385, and other cases cited by counsel for appellee, the decision was erroneous. On the other hand, under the case of *Barney v. Latham*, 103 U. S. 210, and other cases, it may have been correct. But we cannot go into that question. The homestead company should have made the question

in the case. The question cannot be determined by this court. The case, so far as it involves the question of whether or not the action was severable, is a law unto itself, so to speak, and cannot be controlled by other adjudged cases.

The foregoing opinion is adhered to, and the decree REVERSED.