## CHAPMAN *v.* GOODNOW'S ADMINISTRATOR.

## STRYKER *v.* SAME.

ERROR TO THE SUPREME COURT OF IOWA.

Argued November 1, 1887. — Decided December 5, 1887.

While the judgment of this court in *Wolcott* v. *Des Moines Company*, 5 Wall. 681, may be referred to by parties as a judicial precedent, it is not

an estoppel as against the defendant in error. *Stryker* v. *Goodnow, ante,* 527, affirmed to this point.

The Supreme Court of Iowa having given full effect to the case of *Homestead Company* v. *Valley Railroad,* 17 Wall. 153, as a bar to the recovery in this suit as it stood originally, but having held that a new cause of action had arisen out of acts of the plaintiffs in error, which were equivalent to an election by them to treat the payments of taxes made by the Homestead Company as payments by themselves, and which implied a new promise of reimbursement for the advancement made; and it appearing that that was the real ground for the decision of the Supreme Court of Iowa, and that it was not used to give color to a refusal to allow the bar of the decree in *Homestead Company* v. *Valley Railroad,* no Federal question on that point is raised by the record.

If a Federal question is fairly presented by the record, and its decision is necessary to the determination of the case, a judgment which rejects the claim, but avoids all reference to it, is as much against the right, within the meaning of Rev. Stat. § 709, as if it had been specifically referred to, and the right directly refused: but if a decision of such a question is rendered unnecessary by the view which the court properly takes of the rest of the case, within the scope of the pleadings, the judgment is not open to review here.

THESE were suits to recover taxes under circumstances in the main similar to those set forth in *Stryker* v. *Goodnow, ante,* 527. The cause was argued with *Stryker* v. *Goodnow.* The case is stated in the opinion of the court.

*Mr. C. H. Gatch* for plaintiff in error. *Mr. William Connor* was with him on the brief.

*Mr. George Crane* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

These are writs of error for the review of two judgments of the Supreme Court of Iowa — one against Richard B. Chapman, and the other against John Stryker — in suits brought by Edward K. Goodnow, assignee of the Iowa Homestead Company, in his lifetime, to recover money paid by the Homestead Company for taxes levied by the county of Webster on "Des Moines River lands" belonging to Chapman and Stryker, respectively, for the years 1864 to 1871, both inclusive. For a statement of the general facts on which the right of recovery

depends reference is made to the case of *Stryker* v. *Crane*, *ante*, 527. The Homestead Company assigned its claims against these owners after the decree in the suit of *Homestead Company* v. *Valley Railroad*, 17 Wall. 153, was rendered.

The suits were begun August 5, 1876, and in each case a demurrer was filed to the original petition January 19, 1877. On the 12th of February, 1879, the county of Webster appeared in each of the suits and filed a petition therein setting forth "that the taxes mentioned in said petition [that of Goodnow] were duly and legally assessed and levied by said county upon the lands therein mentioned, at the times, for the years and amounts, and in the manner and form alleged and set forth in said petition, and that the said taxes at the times of the said several assessments became and were and still are a valid and binding lien upon said lands in favor of said county;" that Chapman and Stryker were the owners in fee of the several tracts by them respectively claimed at the times of the levies, "and in duty bound to pay said taxes to said county;" that the said taxes had never been paid, and the "whole thereof is still due to said county from the said defendant." Each of these petitions concluded with a prayer for judgment against the defendant for the amount of the taxes, and the enforcement of a lien on the lands for the payment thereof.

On the 5th of April, 1879, Goodnow filed an amendment to his original petition in each of the cases, in which he alleged that when the Homestead Company paid the taxes to the county "it was agreed and understood that if the said county should receive or collect the said taxes of and from the said defendant, the said county would repay the taxes so collected to" the company; and "that said county would sue defendant in its own name for the taxes mentioned in said petition, and in case it should collect the same, would pay them to" the company. And, further, he alleged "that if said defendant refuses to pay said taxes to said county and claims that said taxes have been paid to said county through or by means of the plaintiff's assignor [the Homestead Company] having given or delivered the same to the county, then the defendant is bound to repay the same to plaintiff."

The defendant in each case answered the original and amended petition of Goodnow by denying every allegation therein; setting up the statute of limitations; and charging that the Homestead Company "paid said taxes to said county voluntarily and without the request, knowledge, or consent of the defendant, and with full knowledge of the facts and circumstances upon which the defendant's title to said lands was founded."

To the petition of the county the defendant in each case filed an answer, and, in addition to the defences set up to the petition of Goodnow, claimed that the county was not a party to the suit and not entitled to relief. He also further said "that all of said taxes mentioned in said petition were duly paid by the Iowa Homestead Company as soon as the same became due, and said defendant is no longer liable therefor."

Afterwards, on the 3d of June, 1881, each of the defendants filed in his own case an amended answer, setting up the decree in the case of *Homestead Company* v. *Valley Railroad*, as a bar to the action, and also insisting that the "question of title and ownership of the lands . . . was distinctly decided and determined" in the case of *Wolcott* v. *Des Moines Company*, 5 Wall. 681.

The Circuit Court of Webster County, in which the suit was originally begun, gave judgment for the defendants, but on appeal to the Supreme Court of the State that judgment was reversed on the grounds stated in an opinion, which is as follows:

"I. The defendant pleaded as one of its additional defences that the plaintiff's right of recovery is barred by a prior adjudication, to wit, an adjudication in the case of *The Iowa Homestead Company* v. *The Des Moines Navigation and Railroad Company, John Stryker, et al*, reported in 17 Wall. 153. To this plea the plaintiff replies, in substance, that if it should be conceded that the court made an adjudication in that case denying a right of recovery for the taxes in question in this case, yet this action is not barred, because a right of recovery has arisen since that time. The fact relied upon as giving such right of recovery is, that the defendant now claims, as he did not then, the benefit of the payments made by the Homestead

Company. After this action was instituted, a petition was filed in the case by Webster County, averring, among other things, that the taxes in question have never been paid by any one, and that the same are now due to the county from the defendant. To this petition the defendant answered, averring 'that all of said taxes mentioned in said petition were duly paid by the Iowa Homestead Company, . . . and said defendant is no longer liable therefor.' The question presented is as to whether, if the payments in the first instance were officious, as we may assume was held, and the defendant for that reason was not liable, the subsequent adoption of the payments for the purpose of escaping liability to the county should be regarded as an adoption of the payment as between the defendant and plaintiff.

"If the plaintiff's assignor had made the payments in the name of the defendant as his assumed agent, any act of the defendant indicating an intention to claim the benefit of the payments would constitute a ratification of the acts by which the payments were made. But the defendant contends that the case is different where a person pays another person's debt, not under a claim of action for such person, but under the mistaken supposition that the debt is due from himself. The defendant's position is that in such case there is no act of assumed agency to ratify. It must be conceded, we think, that in one sense this is so. The plaintiff's assignor did not hold himself out as the defendant's agent; nevertheless, when the defendant claims the benefit of the payments, he elects to treat the acts of payment as done for himself. Having elected to so treat the acts, he ought not to complain if the court treats them in the same way. Natural justice certainly requires that if the defendant has the benefit of payments as discharging his liability to the county, he should reimburse the plaintiff, whose assignor made the payments. If we were to take any other view, it appears to us that we should attach more importance to the form than the substance of things. We do not overlook the fact that, under ordinary circumstances, every tax-payer has the right, as between himself and third persons, to pay his own taxes in his own way, and to pay them to the county to

which they are due, and not be compelled to run after a self-substituted creditor and make payment to him. Where, therefore, such payment is made by a third person, the tax-payer has a right to ignore the payment if he chooses to do so. But if he chooses not to ignore, but to claim the benefit of it, we see no reason why we may not regard him as treating the act of payment as done for him ; and, if we do so regard him, there is no difficulty in finding an implied promise to reimburse the payer or his assignee.

" We ought, perhaps, to say in this connection, that the doctrine has been announced that there can be no ratification of an act not done avowedly for the principal. Story on Agency, § 251; *Fellows* v. *Commissioners*, 36 Barb. 655. But the case before us is peculiar. The act done was such that it necessarily inured to the defendant's sole benefit. Besides, the circumstances under which the act was done should not be overlooked. The defendant neglected the payment of the taxes, which was a duty of public concern. He allowed the plaintiff's assignor, under an honest claim of title to the land, to discharge this duty for several years in succession. Now, while the plaintiff is not allowed, by reason of the prior adjudication, to set up these facts as alone sufficient to create a liability on the part of the defendant, they may be considered, we think, in connection with the fact that the defendant has since claimed the benefit of the payments as sufficient to render such claim of benefit a ratification, if it otherwise would not be." *Goodnow* v. *Stryker*, 61 Iowa, 261.

The cause was then remanded to the Circuit Court, where a judgment was rendered, in accordance with the opinion of the Supreme Court, against the defendant for the amount of the taxes paid, without interest, but on a second appeal to the Supreme Court this judgment was modified so as to make it include interest, and a new judgment was entered in that court accordingly. Upon that judgment the writ of error in the case of Stryker was sued out.

In the case of Chapman a judgment was also rendered by the Circuit Court in favor of the defendant, but on appeal to the Supreme Court that judgment was reversed, on the same

ground stated in the opinion in the case of Stryker, and a final judgment was entered in that court for the amount of the taxes paid and interest. *Goodnow* v. *Chapman*, 64 Iowa, 602. For the review of that judgment the writ of error was sued out in the case of Chapman.

In each of the cases the Supreme Court has certified that upon the hearing the defendant claimed immunity from the entire demand on account of the prior adjudication between him and the assignor of Goodnow in the case of *Homestead Company* v. *Valley Railroad*, which was denied, and also on account of the judgment in the case of *Wolcott* v. *Des Moines Company*, which was also denied.

These rulings are assigned for error here.

As to the effect of the judgment in *Wolcott* v. *Des Moines Company* on the rights of the parties to this suit, it is only necessary to refer to what was said on that subject in the other case of *Stryker* v. *Crane* [*Goodnow's Administrator*], which has just been decided. The cases are identical so far as this question is concerned, and there was no error in the ruling of the Supreme Court thereon.

As to the decree in the case of *Homestead Company* v. *Valley Railroad*, the court held in effect that it was a bar to a recovery on the cause of action as it stood originally and at the time of the decree, but that since then a new cause of action had arisen, because both Chapman and Stryker had adopted the payments made by the Homestead Company as payments made on their account, and from this the law implied a promise to repay what had been paid for their use. The theory of the court seems to have been that Chapman and Stryker, as owners of the land, were bound in law to the county for the payment of the taxes notwithstanding what had been done by the Homestead Company. When, therefore, the county sued them for the taxes and they set up the payment by the company as a defence, they made the acts of the company their own, and thus became obligated to repay what had been paid for them.

Whether this was the true legal effect of what was done is not a Federal question. All we have to consider is, whether

it was the real ground of decision, and not used to give color only to a refusal to allow the bar of the decree. It cannot be doubted that if Chapman and Stryker had, after the rendition of the decree, got from the Homestead Company permission to use its payments as a defence to the actions brought against them for the taxes, and in consideration thereof had promised to repay what had been advanced for that purpose, a new cause of action would have arisen, to which the decree would not have been a bar. That is in substance what the Supreme Court held was done. The county sued Chapman and Stryker for the taxes which had been levied on their lands, assuming that the payments made by the Homestead Company did not discharge them from their liability as the true owners. To this suit Goodnow, as the assignee of the Homestead Company, was a party, and in his pleadings he insisted that if they refused to pay the county because his assignor had already made the payment, then they would be bound to him for the amount advanced by the company for that purpose. Such being his claim on the record, Chapman and Stryker, each in his own suit, set up as a defence "that all of said taxes . . . were duly paid by said Iowa Homestead Company as soon as the same became due, and said defendant was no longer liable therefor." This the court held to be equivalent to an election by Chapman and Stryker to treat the payments by the company as payments by themselves, and to imply a promise of reimbursement for the advances made. Whether this conclusion was correct or not depends on the tax laws of the State and the principles of general law applicable to such facts, and not on the Constitution or laws or authority of the United States. What was done was not affected by the decree because it was done afterwards. It was in the opinion of the court a new promise, as the money of the Homestead Company was in effect used by the defendants themselves to meet their own liabilities. The fact that the company gave the money to the county for the taxes could not of itself be made a ground of action against the defendants, because the court in the other case, to which they and the company were parties, had decided otherwise, and there had been at the time no election by them

to treat this act of the company as done for them. It was only when this election was made that the liability arose, and as that was after the decree, the new liability was not affected by what had been adjudicated before. The court did not refuse to give faith and credit to the decree, but it acted upon a new cause of action with which the decree had no legal connection. That decree is a bar to the cause of action upon which it was based, but not to a different cause of action arising afterwards.

Neither can we consider whether the court below erred in allowing the county to come in as a party to the suit, and in giving judgment upon the new cause of action which arose after the original suit was begun. The question presented by the new pleadings was a real question in the case, as adjudged by the court, and the manner of getting it in is no more the subject of review here than the decision upon it afterwards.

We are aware that a right or immunity set up or claimed under the Constitution or laws of the United States may be denied as well by evading a direct decision thereon as by positive action. If a Federal question is fairly presented by the record, and its decision is actually necessary to the determination of the case, a judgment which rejects the claim, but avoids all reference to it, is as much against the right, within the meaning of § 709 of the Revised Statutes, as if it had been specifically referred to and the right directly refused. But if a decision of such a question is rendered unnecessary by the view which the court properly takes of the rest of the case, within the scope of the pleadings, the judgment is not open to review here. *Chouteau* v. *Gibson*, 111 U. S. 200; *Adams Co.* v. *Burlington & Missouri Railroad*, 112 U. S. 123, 127. Such, in our opinion, were these cases, so far as the question arising out of the prior adjudication in *Homestead Co.* v. *Valley Railroad* is concerned. The Federal question involved in that decree lay behind the alleged new promise, and as the new promise was sustained and a judgment given against the defendants on that account, the effect of the decree did not necessarily enter into the determination of the cause.

Inasmuch, therefore, as there is no Federal question presented

by this branch of the cases, and there was no error in the decision of that involved in the other, the judgment of the Supreme Court of Iowa in each of the cases is

*Affirmed.*