Ingles vs. Patterson.

========

INGLES VS. PATTERSON.

REVERSAL: FINDING OF FACT. (1) *When this court will reverse a finding of fact by the trial court.*

STATUTE OF FRAUDS: PART PERFORMANCE: SPECIFIC PERFORMANCE OF LAND CONTRACT. (2) *What acts of part performance take oral contract out of statute of frauds.*

REVERSAL OF JUDGMENT: SPECIFIC PERFORMANCE. (3) *Judgment not reversed for omitting equitable conditions not demanded by appellant.*

1. To justify the reversal by this court of a finding of fact by the trial court, there should, in any event, be a fair preponderance, or at least some preponderance, of evidence against such finding.

2. Where, pursuant to an oral agreement between the parties for the sale and purchase of land, defendant paid plaintiff the purchase price, and entered into and has retained the possession, and has expended money in improving the premises, this is such a *part performance* as takes the case out of the statute of frauds, and will justify a court of equity in specifically enforcing plaintiff's agreement to convey — that relief being asked by defendant, by way of *counterclaim*, in ejectment for the land.

3. After defendant took possession of the land under such contract, plaintiff paid taxes on the forty-acre tract of which said land is a part; but he did not show, on the trial, what part of the sum paid was justly chargeable for taxes on the land here in question, nor claim that the decree of specific performance of his contract to convey should be conditioned upon defendant's paying the amount. *Held,* that the judgment will not be reversed for omitting such condition, although its omission would have been error if such claim and proof had been made.

APPEAL from the Circuit Court for *Fond du Lac* County.

Ejectment. The answer alleges that in January, 1857, plaint iff, being then the owner of the land described in his complaint, sold and delivered possession thereof to defendant; that defendant then entered into and has ever since remained in possession of the premises, and has made considerable improvements thereon; and that he presented to the plaintiff a deed of said premises, requesting him to execute and deliver the same to himself, in pursuance of their contract, which plaintiff refused to do. Judgment is therefore demanded, that plaintiff specifically perform his contract, and convey the premises to defendant. There was a reply, in denial. Upon the trial, defendant testified in his own behalf that, in 1857, he bought of the plaintiff the land in controversy, paying him, at the time, the purchase money, which was fifteen dollars; that no time was agreed upon for making out a deed, but plaintiff was to execute one upon presentation by defendant; that he fenced the land and ditched it in 1860, building upon it some one hundred and twenty rods of fence, and constructing about thirty rods of ditch; that it was quite wet at the time of his purchase, but had since become dry, and he had dug a well upon it; that he had held possession of the premises ever since the purchase, claiming title to them thereunder, and that the plaintiff had never claimed any title to them after his purchase, until a year or two before the trial. Several other witnesses in behalf of the defendant testified to the occupation by him, and also to statements made by the plaintiff at different times to the effect that he had sold the land to defendant for the sum of fifteen dollars. There was no other evidence, however, of the purchase money having been paid.

The plaintiff, testifying in his own behalf, admitted having made a bargain with defendant for the land for $14, the latter agreeing to pay the expenses of a survey and of drawing the deed, but he denied that any money had ever been paid upon it. It appeared also from his testimony, that defendant had been in possession, and had made the improvements above

mentioned, with his knowledge and consent, or at least without objection on his part; but he denied that these acts were done under the purchase. Two other witnesses for the plaintiff testified to oral admissions of the defendant: one made in conversation with the plaintiff about a proposed sale of his farm to a third person, to the effect that there would be no trouble, and that he would consider this land in question sold with it; the other made to a third party, to the effect that he (defendant) expected to hold the land only until a certain road adjoining it, and which cut it off from plaintiff's other lands, was altered. Plaintiff also introduced, under objection, certain tax receipts, showing payment by him, since the alleged sale, of taxes upon the whole " forty " of which the land in suit was part, amounting, with interest, to $79.38.

The court found that plaintiff was seized in fee of the premises as stated in the complaint, but that defendant did not unlawfully enter upon or unlawfully withhold them; and that all the material allegations of the answer were true. As a conclusion of law, it held that defendant was entitled to the equitable relief prayed for in his answer. Judgment accordingly; from which plaintiff appealed.

*Taylor & Sutherland*, for appellant, contended that the judgment must be reversed: 1. Because the weight of evidence showed that the purchase money had never been paid, and even if defendant was entitled to a specific performance on other grounds, he should have been required first to pay the consideration. 2. Because there were no such acts of performance by defendant as take the case out of the statute of frauds, and justify the court in decreeing a specific performance. Fry on Spec. Perf., 251, §§ 384, 387, n. 27, and §§ 370, 371, n. 10; Story's Eq. Jur., § 765, and n. 1; *Harris v. Knickerbacker*, 5 Wend., 638; *Knoll v. Harvey*, 19 Wis., 99; *Smith v. Finch*, 8 id., 245; *Brandeis v. Neustadtl*, 13 id., 142; *Hill v. Meyers*, 43 Pa. St., 170, 173. 3. Because the judgment made no provision for refunding to plaintiff the taxes paid by him.

*Edward S. Bragg*, for respondent, contended that the evidence showed a sufficient performance of the contract on defendant's part to take the case out of the statute of frauds and entitle him to a deed (2 Kent's Com., 451, and cases there cited ; Dart on Vendors, 971, and cases there cited) ; and that the finding should not be disturbed on the weight of evidence alone, where the circuit court had the benefit of seeing the witnesses. *Walls v. Page*, 16 Wis., 66.

COLE, J. The questions arising upon the defendant's counterclaim are almost all questions of fact. In defense of the ejectment, and as a ground for affirmative relief, he states in the answer, in substance, that in the year 1857 he made a parol contract with the plaintiff for the purchase of the strip of land in controversy ; paid the consideration money in full ; entered into possession of the premises under the contract ; has ever since possessed the same as owner ; and has made valuable improvements thereon.

The circuit court found that these allegations in the answer were true, and sustained by the evidence produced on the trial. This being so, the relief prayed for in the answer was granted.

But the counsel for the plaintiff argues and insists that the weight of testimony, as well as the strong probabilities of the transaction, support the conclusion that the consideration money was never paid. There is certainly some conflict in the evidence upon this point ; but the finding of the court that it was paid as alleged is not overcome by the weight of testimony as contained in the record. And such being the state of the proofs upon the question, the finding of facts by the court below cannot be disturbed. For the rule, as laid down by this court, upon that question is, that " to justify the reversal of a finding of fact, on appeal to this court, there should, in any case, be a fair preponderance, or at least some preponderance, of evidence against such finding." *Murphy v. Dunning*, 30

Wis., 296; *Bacon v. Bacon,* 34 id., 594. We cannot say that any such preponderance exists against the finding in the case at bar. We shall not go into any analysis of the testimony upon the question, but only state our conclusion upon it.

But again, it is argued by counsel that the evidence shows no such acts of performance of the parol contract on the part of the defendant, as takes the case out of the statute of frauds, and justifies the court in enforcing a specific performance. We are unable to adopt that view of the matter. We feel warranted in assuming, not only that the consideration money was paid, but that the defendant entered into possession under the parol contract, has occupied the premises since 1857, and has expended money in improving them. It appears that the land has been drained by means of a ditch, and has been fenced, and that some money was expended in digging a well, which, though now dry, it is not probable the defendant would have dug had he not relied on the performance of the contract. Those acts, we think, show such a part performance of the parol agreement as takes the case out of the statute. For " courts of equity exercise their jurisdiction in decreeing specific performance of verbal agreements, where there has been part performance, for the purpose of preventing the great injustice which would arise from permitting a party to escape from the engagements he has entered into, upon the ground of the statute of frauds, after the other party to the contract has, upon the faith of such engagement, expended his money or otherwise acted in execution of the agreement." Lord COTTENHAM, in *Mundy v. Jolliffe,* 5 Myl. & Cr., 167; *Blanchard v. McDougal,* 6 Wis., 167; *Fisher v. Moolick,* 13 id., 321. The acts of performance on the part of the defendant would seem to bring the case fully within that principle of law.

But it is further objected that the judgment makes no provision that the defendant refund the taxes which it appeared the plaintiff had paid on the land in question since 1857, as a condition to granting specific performance. It is true, the evi-

dence showed that the plaintiff had paid the taxes on the forty acres, and upon this strip as a part of such forty acres. What proportion of those taxes should be paid by the defendant as justly chargeable upon the disputed strip, cannot well be determined from the evidence. Had the plaintiff made distinct proof upon that point, the court would doubtless have ordered the repayment of the amount by the defendant as a condition to granting relief. But he made no such claim, nor any such proof; and for that reason the objection to the judgment on that ground must be disregarded.

*By the Court.*—The judgment of the circuit court is affirmed.