## JOHN GOVERN v. L. D. RUSS, Appellant.

**Taxes:** PAYMENT BY MISTAKE: RECOVERY: ACTION AT LAW. A purchaser and occupant of land who in fact acquires only a forged title, may recover of the true owner taxes paid by him under the mistaken belief that he was the real owner, where such belief was not the result of his own carelessness or want of knowledge of the law; and this may be done in a law action as well as in a suit in equity where the facts upon which the rule is founded clearly exist in the case.

**Recovery of taxes:** REMITTITUR. In a suit to recover taxes paid under a mistaken belief that plaintiff was the owner of the property, and judgment was entered for a portion of the tax for which no recovery was asked, the plaintiff may, on appeal, remit such sum and have the judgment affirmed for the balance.

*Appeal from Kossuth District Court.*— HON. W. B. QUAR-
TON, Judge.

WEDNESDAY, JULY 13, 1904.

SUIT at law to recover taxes paid on land.  The de-
fendant, L. D. Russ, was the actual owner of the land upon
which the taxes were paid, though he had conveyed the same
to Lewis Russ, trustee, as security for a debt to said trustee.
C. L. Lund forged deeds which purported to convey the land
from Russ, trustee, and through such forged conveyances
the plaintiff acquired the record title to the land, and went
into possession thereof.   Upon discovery of the forgeries,
suit was brought by Lewis Russ, trustee, to quiet title and
to cancel the forged conveyances, and upon a trial he was
granted the relief prayed.  The taxes paid by the plaintiff
were for the years 1891 to 1896, inclusive, and all pay-
ments but the last were made without knowledge of the
character of his title.  There was a trial to the court, and
a judgment for the plaintiff.  The defendant appeals.—
*Modified.*

*Clarke & Cohenour,* for appellant.

*Frederick M. Curtiss,* for appellee.

SHERWIN, J.— This case cannot be distinguished from
*Goodnow v. Moulton,* 51 Iowa, 555, and cases following it,
among which are *American Emigrant Co. v. Iowa Railroad*

1. TAXES: pay-
ment by mis-
take; recovery;
action at law.

*Land Co.,* 52 Iowa, 323; *Goodnow v. Litch-
field,* 63 Iowa, 275, and *Bradley v. Cole,* 67
Iowa, 650, unless the distinguishing feature
be predicated upon the fact that this is a law action.  The
plaintiff bought and occupied the land in good faith, and
in good faith, and relying upon what appeared from the
records to be a perfect title in him, paid the taxes which

were properly and justly assessed against the land. He had no knowledge that his title and possession were based upon forged deeds, and hence it must be held that the payments were made in good faith under an honest belief of ownership. It was subsequently shown that his supposed title was in fact no title at all, but this mistaken belief was not the result of his own carelessness or want of knowledge of the law. The mistake was one of fact, caused by the criminal act of another person, who had in fact been the agent of the true owner of the land for many years. Until the suit was brought to quiet title in the trustee, the plaintiff had the right to rely upon the apparently perfect title which the forged deeds conveyed; and we think his equities are much stronger than in the cases where there was an open dispute as to the true ownership of the land, as was the case in *Goodnow v. Moulton, supra,* and other cases cited. In *American Emigrant Co. v. Iowa Land Co., supra,* it was said: " The intervener being the owner in fact, it was its duty to see that the lands were properly assessed, and to pay the taxes. * * * The intervener was bound to know the lands were taxable, and that the taxes were being paid by some one — ordinary diligence would have developed by whom. The payments made by the defendants inured to the benefit of the intervener." It is contended, however, that *Iowa Railroad Land Co. v. Davis,* 102 Iowa, 128, in effect, overrules the Goodnow Case and the other cases to which we have referred, and that under the rule of the Davis Case there can be no recovery in this case; but in that case it was held that the payments made by the plaintiff were due " to ignorance or mistake of law, pure and simple, and for the protection of what they erroneously believed to be a good title," and the facts were that the title in that case had been in dispute for years, and that in other similar cases titles having the same basis had been held invalid by this court and by the Supreme Court of the United States.

The plaintiff in the Davis Case did not, therefore, make its payments under an undisputed and apparently valid conveyance, and the case is not controlling here.

Nor do we deem the name of the action controlling. A rule of justice and equity, established by the court, should be as effective in an action entitled "at law" as in one entitled "in equity," when the facts upon which the rule is founded clearly exist in the case.

A part of the judgment below was for road taxes paid by the plaintiff, but for which no recovery was asked in the petition. The plaintiff, by motion in this court, asks that 2. RECOVERY OF TAXES: remittitur. he be permitted to remit this sum, $25, and that otherwise the judgment be affirmed. We see no objection to this, and it is therefore ordered accordingly. One-third of the costs of the appeal will, however, be taxed to the appellee.

As modified, the judgment is *affirmed*.