## HANNAHS v. PROVINE et al.

An objection to the introduction of evidence under an amended answer, filed during the trial, on the ground that plaintiff has had no opportunity to meet the proof that may be introduced under it, was properly overruled, since it was intended to challenge the sufficiency of the amended answer; but plaintiff, if not prepared to proceed with the trial, must apply for a postponement.

Where, in an action to determine adverse claims to land, defendant relied on a tax deed, which the court, during the trial, held invalid, the refusal to grant a postponement, on the allowance of an amended answer alleging payment of taxes and improvements, was not an abuse of discretion, in the absence of any showing in support of the application for a postponement; plaintiff knowing or being bound to know, that defendant had paid taxes and had made improvements, and that the rights thereto must be adjusted to justify relief.

Under Laws 1903, c. 70, providing that no action for the recovery of land sold for taxes shall be commenced unless all taxes shall be paid or tendered, etc., an owner, suing for the recovery of taxable land, sold for unpaid taxes legally levied, should not be permitted to commence his action or to proceed without a tender or deposit of the sum required to redeem, and hence could not be prejudiced by refusal of a continuance, on allowance of a trial amendment to the answer setting up the taxes paid by defendant.

A tax deed, conveying taxable land sold for unpaid taxes legally levied, constitutes color of title, though void on its face; and a holder in good faith is entitled to compensation for improvements made on the premises, and taxes paid, on the owner recovering the property.

Where defendant, relying on a tax deed to defeat a suit by the owner for the recovery of the land, interposed an answer alleging that he and his grantor made valuable improvements on the premises in good faith under color of title, and which states the character of the improvements and the cost thereof, and that the same are on the land and worth what they cost, on the ground that it is insufficient to justify the admission of evidence of the value of the improvements, was properly overruled, when made after issue joined by reply.

The findings of the trial court are presumptively correct, and will not be disturbed, unless it clearly appears that they are not sustained by the evidence; and the party complaining must show that fact.

An owner, in order to recover land sold for taxes, should not be required to pay the expenses incurred by defendant's grantor in taking out the tax deed relied on to support defendant's title, and adjudged invalid.

(Opinion filed, October 26, 1911.)

Appeal from Circuit Court. Potter County; Hon. LORING E. GAFFY, Judge.

Action by George B. Hannahs against W. W. Provine and others, prosecuted after the death of defendant named against Rebecca M. Provine, as special administratrix. From a judgment for insufficient relief, plaintiff appeals. Modified and affirmed.

*Robert B. Fisk,* for appellant. *A. L. Ellis, A. Gunderson,* and *D. J. O'Keeffe (Gafiy, Stephens & Fuller,* of counsel), for respondent.

HANEY, J. This is an action to determine adverse claims to a quarter section of land in Potter county. A judgment quieting title in the plaintiff, upon compliance with certain conditions, having been entered, and the plaintiff's application for a new trial denied, this appeal was taken.

Though the cause was tried in October, 1903, and judgment entered on January 27, 1904, it was not submitted in this court until June 11th of the present year—an apparently unreasonable delay, for which this court is not responsible. The defendants originally were W. W. Provine, Rebecca M. Provine, his wife, and A. L. Ellis. Mr. Provine having died after the appeal was taken, the special administratrix of his estate was substituted as one of the parties defendant. Defendant Ellis' claims having been abandoned, the only rights requiring consideration are the plaintiff's and decedent's as they appear from the record to have existed when the cause was tried in the circuit court.

The plaintiff states in his complaint: "(1) That he is the owner, in fee simple, of the following described parcel or tract of land, to wit: * * * (2) That the defendants * * * claim some right, title, or interest in or to the said land and premises, adverse to the right, title, and interest of the plaintiff." All these allegations not expressly admitted are denied by decedent's original answer, which "admits that this defendant claims some right, title, or interest in and to said land and premises, and alleges that such interest is a fee-simple title in this defendant, by virtue of a tax deed duly issued thereon to his grantor, and the deed

from the grantee in such tax deed." And as a second and further defense it is alleged that he "is the owner in fee simple of said land by virtue of payment of taxes thereon, and that he and his grantor, while in possession of said premises, have paid taxes thereon for more than 10 years." Plaintiff replied, denying "each and every allegation in said answer and counterclaim contained."

During the progress of the trial, the plaintiff having introduced a patent from the United States to one Meisenbach and a warranty deed from Meisenbach and wife to himself, conveying the land in controversy, the defendant having introduced evidence in support of decedent's tax title, the plaintiff having introduced evidence in rebuttal tending to invalidate such title, and the court having ruled that such tax title was invalid, decedent was allowed to serve and file an amended answer, wherein he alleged, by way of counterclaim, in addition to the allegations of his original answer, that he and his grantor paid the taxes on the land described in the complaint for each of the years from 1891 to 1902, both inclusive, stating the amount for each year, that his grantor paid $12.15 as expenses in taking out the tax deed, that he and his grantor made valuable improvements on the premises in good faith and under color of title, stating the character of the improvements and the cost of each, that all such improvements are still on the land and worth what they cost, and that none of the sums so expended for taxes and improvements have been repaid by the plaintiff. The trial was postponed for one day to enable the plaintiff to meet these issues. When the trial was resumed the plaintiff objected to the introduction of any evidence under the amended answer, for the reason that no opportunity had been given to meet the proof that might be introduced under it, which objection was, in effect, overruled; the record stating it was "simply ignored."

[1, 2] This objection was properly overruled. It did not challenge the sufficiency of the amended answer in any respect. If the plaintiff was not prepared to proceed with the trial he should have applied for a further postponement. The amendment, if one was required, which is not at all clear, was entirely proper and

within the discretion of the trial court; the purpose of the action being to determine what, if any, interest in or lien upon the property was held by either of the defendants. And, assuming that the plaintiff's objections to the order allowing the amendment amounted to an application for further time, there was no abuse of discretion in denying such application. The plaintiff knew, or should have known, when he summoned the decedent into court to assert his claims, that the latter had paid taxes and made improvements upon the premises while in possession of the same, and that he could' not prevail in the action without an adjustment of the decedent's rights regarding such taxes and improvements. In absence of any showing in support of an application for a postponement of the trial, this court cannot conclude that the trial judge, who was conversant with all the circumstances, abused his discretion by proceeding to determine what, if any, sums should be paid to the decedent for taxes and improvements.

[3] Moreover, the statute then in force contained these provisions: "No actions shall be commenced by the former owner or owners of lands, or by any persons claiming under him or them, to recover possession of·land which has been sold and conveyed by deed for nonpayment of taxes or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed, and not until all taxes, interest and penalties, legal costs and expenses shall be paid or tendered by the parties commencing the action. * * * And whenever, in any action at law or in equity, the validity of any tax certificate, or tax deed, arises upon the pleadings or otherwise, except where the property sold was not taxable, where the tax was for an illegal purpose, or where the tax was paid before the sale occurred, such action shall not proceed in favor of the party assailing such certificate or deed, unless he shall, within such time as the court shall deem reasonable, deposit in court, for the benefit of the party claiming thereunder, an amount equal to the sum required by law to redeem from the tax sale or sales involved together with the costs and disbursements of the action then incurred by the party claiming under such certificate or deed." Laws 1903, c. 70. As the plaintiff should not have commenced this action, or have

been allowed to proceed after the validity of decedent's tax title arose, without a tender or deposit of the sum required to redeem, it is difficult to discover how he could have been prejudiced by the course pursued by the trial court.

[4, 5] The tax deed, though void on its face, constituted color of title; the land was taxable; it does not appear to have been sold for taxes levied for illegal purposes; the taxes had not been paid; the evidence justifies the finding that the decedent was holding the property in good faith; the objection that the amended answer was not sufficient to justify the admission of evidence as to the value of decedent's improvements, raised, as it was, after issue joined by plaintiff's reply, was properly overruled; so the only matter which demanded serious attention was the amount expended for taxes and improvements properly chargeable against the plaintiff. Parker v. Vinson, 11 S. D. 381, 77 N. W. 1023; Meadows v. Osterkamp, 13 S. D. 571, 83 N. W. 624. The court found the just and true amount of the taxes to be $445.28; the value of the land without the improvements to be $700; the value of the improvements to be $1,500; that decedent's grantor paid $10 for taking out and recording the tax deed; that the plaintiff has not paid or tendered any of said sums, or part thereof, or offered to pay the same; and concluded: "(1) That the proceedings leading up to the selling of said land and premises, at the tax sale of 1892, for the taxes of 1891, are not sufficient to support a tax deed, and that said tax deed should be set aside, on payment of the amount of taxes justly due on said land, $10 for taking out the tax deed, and the value of the permanent improvements placed thereon by the defendant. (2) That the plaintiff is entitled to have the title of the land in suit quieted in him on payment of the taxes, interests, costs, and charges paid by the defendant and his grantors, in the amount found by the court, the sum of $10 expended in costs in taking out said tax deed, and on payment by the plaintiff to the defendant of the value of the permanent improvements placed on said land in suit, in good faith by the defendant and his grantors as found by the court, and on payment of the costs of this action, all within 60 days from the

entry of judgment herein. And the court further finds that the defendant W. W. Provine, in case said plaintiff fails to pay such sums within said 60 days, is entitled to have said title of said land quieted in him on payment to the plaintiff, or to the clerk of this court for his use, of the value of said premises without the improvements as found by the court, less the amount due thereon to the defendant for taxes paid thereon by the defendant and his grantors, as found by the court, within 90 days from the date of judgment and decree entered therein, to-wit, the sum of $244.72, less costs of action. (3) The court finds that in case the plaintiff does not pay the sums above required of him to pay in the time required, and the defendant does not pay to the plaintiff the value of such land without the improvements as found by the court, within 90 days from the date of the judgment and decree entered herein, that a special execution issue herein to the sheriff of Potter county, South Dakota, directing him to levy upon and sell said premises in the manner required by law for selling real property under execution, and after notice of such sale he sell said premises, and from the proceeds of such sale he first pay the costs of this action and of such sale under said execution; second, that he pay to the defendant the amount found due defendant for taxes, interest, costs, and charges paid on said premises; third, that he pay to said defendant the sum found due the defendant for the permanent improvements on said premises as found due by the court, and that he pay the residue received for said premises on such sale to the plaintiff in this action, or to his attorney of record and take a receipt therefor, that he issue to the purchaser of said premises at such sale a certificate of sale, as required by law on sales of real estate on execution, and that he make a return to this court of his proceedings thereon."

[6] As to the true amount of the taxes, the value of the property without the improvements, and the value of the improvements, counsel, for plaintiff has wholly failed to point out wherein the evidence is insufficient to justify the decision. Causes are not tried de novo in this court. The findings of a trial court are presumptively right. Appellant's counsel has not attempted to

show what the several sums found by the court should be, of what items they are composed or to what extent they should be reduced. It is not the duty of this court to search for errors. It should not disturb findings of fact, unless it clearly appears that they are not sustained by the evidence.

[7] Numerous assignments of error relating to the admission and rejection of evidence have been examined; none of them being deemed of sufficient importance, in a case tried by the court without a jury, to warrant discussion. No ground for reversal or modification having been shown, except as to the expense of taking out the tax deed, which should be deducted from the amount required to be paid by the plaintiff, the judgment of the circuit court, as so modified, must be affirmed, with costs and disbursements in this court taxed in favor of the respondent.