LARSON, Appellant, v. SEXTON, Respondent.

(176 N. W. 33.

(File No. 4584.   Opinion filed January 30, 1920.)

1. **Quieting Title—Tax Title, Possession as Lienholder Under Tax Certificate, Whether Color of Title, Payment of Subsequent Taxes in Non-compliance With Statutes, Effect.**

   In a suit to quiet title, plaintiff, holder of a tax sale certificate to the realty involved, and who paid subsequent taxes, but who fails to allege or contend that they were paid as subsequent taxes under the certificate of tax sale provided for in Sec. 2199, Pol. Code 1903, as amended by Laws 1909, Ch. 25, (Sec. 6790 Rev. Code, 1919), but whose sole contention is that Sec. 2208, Pol. Code 1903, (Sec. 6798 Rev. Code 1919) providing that the owner, etc., of lands sold for taxes, may redeem same by paying the treasurer the sum mentioned in the certificate with interest, etc., "together with all other taxes subsequently paid," etc., creates a personal obligation on part of redemptioner to pay to holder of certificate of tax any subsequent taxes paid by him regardless of Sec. 2199, and who is in possession claiming color of title—cannot maintain his claim of lien, his possession as a mere lienholder being without legal right or color of title; his payment of subsequent taxes, without compliance with Sec. 2199 as amended, creating no lien, legal or equitable; his claim of title being based upon taxes paid subsequently to issuance of sale certificate.

2. **Same—Lien Under Tax Certificate—Right, Conditions, Re Redemptioner—Statutes Construed.**

   Said Sec. 2199, defines the only mode in which holder of tax certificate may acquire a lien upon payment of subsequent taxes or for taxes subsequently paid; while Sec. 2208, supra, defines the right and prescribes conditions on which a redemptioner may redeem from tax sale, and vests in holder of tax sale certificate the right to the money paid by way of redemption.

3. **Same—Allegation That Certificate Holder's Subsequent Payments for Owner's Benefit With Belief in Plaintiff's Title, Effect—Whether Owner Estopped.**

   Where plaintiff, in a suit to quiet title, alleged that while holder of a tax sale certificate he paid subsequent taxes for the benefit of the defendant and under the belief that plaintiff had title in fee, "all of which was known and acquiesced in by the defendant," held, that plaintiff's belief that a tax sale certificate gave him title in fee, has no foundation in law or fact; and mere silence and acquiescence by defendant does not estop him from denying either an express or implied liability to pay, as redemptioner, taxes paid by plaintiff as certificate hold-

er, but which liability the statute does not create; nor can plaintiff who claims title under a sale certificate and payment of subsequent taxes other than in compliance with Sec. 6790 Rev. Code 1919, and under such claim of payment of subsequent taxes to defendant's knowledge, etc., recover principle of equity, in a suit to quiet title; nor does such silence or acquiescence raise an implied promise on defendant's part to reimburse plaintiff for subsequent taxes paid. Nor does plaintiff come within the rule of adjudicated law based upon equities arising from payments by persons holding in good faith under color of title; his contention that a certificate of tax sale may constitute color of title, or the payment of taxes thereunder may be made in good faith in reliance thereon as color of title, being untenable.

Whiting, J., and McCoy, P. J., concurring specially.

Appeal from Municipal Court of Sioux Falls. Hon. MARTIN BERGH, Judge.

Action by Emil Larson against Thomas W. Sexton, to quiet title to realty. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Berdahl, Waggoner & Stordahl,* for Appellant.

*Aikens & Judge,* for Respondent.

(1) Under point one of the opinion, Appellant submitted that: Sec. 2199 Pol. Code, amended by Sec. 1, Chap. 25, Laws 1909, to provide for a lien for taxes, does not abridge the duty imposed by Sec. 2208. Appellant was required to pay subsequent taxes in order to protect his rights under his equitable title by virtue of his certificate of sale; citing Goodnow v. Stryker, 16 N. W. 486.

Respondent cited: Iowa Railroad Land Co. v. Davis, 71 N. W. 231; Gale v. Shillock, 4 Dak. 182, 144 U. S. 509, 36 L. Ed. 521; West v. Middlesex Bkg. Co., 33 S. D. 465, and submitted that: It would violate rules of statutory construction to hold that Sec. 2208 annuls Sec. 2199, and gives right to one who voluntarily pays another's taxes to institute suit to recover them whether requested, or whether obliged so to do or not, simply because he holds a treasurer's certificate of sale.

SMITH, J. As stated in appellant's brief:

"There is but one question for determination upon this appeal, and that is whether one who has paid subsequent taxes after the purchase of the certificate of tax sale of real estate can recover those subsequent taxes from the redemptioner without

having taken steps to make them a lien against the land so redeemed."

The appeal is from an order sustaining defendant's demurrer to plaintiff's complaint. The complaint alleges that the defendant, who was the redemptioner, was the owner of the property prior to the tax sale, and duly redeemed from the tax sale; that prior to said redemption, and while he was the holder of the tax sale certificate, plaintiff paid taxes duly levied and assessed against the property, and expended a certain amount for laying cement walks on said property; that all of said payments were made while he was in possession of and believed himself to be the owner of said property under and by virtue of said certificate of tax sale.

There is no allegation or contention that any of the taxes were paid as subsequent taxes under the certificate of tax sale as provided in section 2199, Pol. Code 1903, as amended by chapter 25, Laws 1909 (see section 6790, Rev. Code 1919). Appellant's sole contention is that section 2208, Pol. Code 1903 (see section 6799, Rev Code 1919) creates a personal obligation on the part of the redemptioner to pay to the holder of the certificate of tax sale any subsequent taxes paid by him, regardless of section 2199, supra. Section 2208, Pol. Code 1903, as amended by chapter 351, Laws 1913, provided:

"The owner or occupant of any land sold for taxes, or any other person, may redeem the same at any time within two years after the date of such sale, or at any time before the execution of a deed of conveyance thereof by the county treasurer, by paying the treasurer, for the use of the purchaser, his heirs or assigns, the sum mentioned in the certificate and interest thereon at the rate at which the land was sold, from the date of purchase, together with all other taxes subsequently paid, whether for any year or years previous or subsequent to said sale, and interest thereon at the same rate from the date of such payment; and the treasurer shall enter a memorandum of the redemption in the list of sales, and give a receipt therefor to the person redeeming the same, and file a duplicate of the same with the county auditor as in other cases, and hold the money paid to the order of the purchaser, his agent or attorney. * * *"

[1] This section was in force at the dates of the trans-actions here involved. Plaintiff's possession as a mere lienholder was without legal right, and without color of title. 2 C. J., § 335, and cases cited. It is conceded by appellant, as it must be, that his payment of subsequent taxes in the absence of a compliance with the requirements of section 2199, Pol. Code, as amended, created no lien upon the land, either legal or equitable. It is conceded that plaintiff's claim is for taxes paid subsequently to the tax sale upon which the certificate issued.

[2] Section 2199, supra, defines the only mode in which the holder of the tax certificate may acquire a lien upon payment of subsequent taxes, or for taxes subsequently paid. Section 2208, supra, defines the right and prescribes the conditions upon which a redemptioner may redeem from tax sale, and vests in the holder of the tax sale certificate the right to the money paid by way of redemption. It is conceded by appellant that there was no express promise, by respondent at any time, to repay the taxes subsequently paid, his only contention being that section 2208, supra, relating to redemption, makes it a personal obligation of the redemptioner to pay subsequent taxes paid by the certificate holder, regardless of any compliance with section 2199 under which a lien may be acquired for the amount so paid.

[3] We do not concur in appellant's view of this statute. The complaint, however, alleges that all of said payments— "were made for the benefit of the defendant herein and under the belief that the plaintiff had title in fee to said property, all of which was known and acquiesced in by the defendant."

Plantiff's belief that a tax sale certificate gave him title in fee to the property certainly had no foundation, either in law or in fact, and mere silence and acquiescence on the part of defendant certainly does not estop him from denying either an express or implied liability which the statute did not create, and we know of no principle of equity, nor has our attention been called to any, upon which could be founded an affirmative right to a recovery upon the facts alleged in the complaint.

Appellant cites Goodnow v. Moulton, 51 Iowa 557, 2 N. W. 395; Goodnow v. Stryker, 61 Iowa 261, 16 N. W. 486; Goodnow v. Litchfield, 63 Iowa 275, 19 N. W. 226, and Govern v. Russ,

125 Iowa 188, 100 N. W. 325, as authorities sustaining plaintiff's right to a recovery. We are of the view that these cases, while somewhat anomalous as to the facts involved, are based upon equities arising out of payments of taxes by persons holding in good faith under color of title, and the inference that persons so holding should not be deemed volunary intermeddlers, without right to make themselves creditors of the owner of the legal title without his request or ratification of such payments. The same principle was held decisive in Govern v. Russ, 125 Iowa 188, 100 N. W. 325, where the holder in good faith of the titled under a forged deed was held entitled to recover taxes paid by him while so holding.

In Goodnow v. Stryker, supra, the holder under color of title paid the taxes. His title was adjudged invalid. Later the county sought to recover the amount of such taxes from the person adjudged to be the true owner, who pleaded the payment of taxes by plaintiff as a defense. The court held that the defendant, seeking thus to claim the benefit of the payment by plaintiff, had elected to treat the act of payment as done for himself, and should reimburse plaintiff for the amount so expended. Gibson v. Pekarek, 25 S. D. 281, 125 N. W. 597; Ann. Cas. 1912B 944; Id., 27 S. D. 423, 131 N. W. 728; Murphy v. Pierce, 17 S. D. 207, 95 N. W. 925; Murphy v. Nelson, 19 S. D. 197, 102 N. W. 691; Joy v. Midland State Bank, 26 S. D. 244, 128 N. W. 147; Hannahs v. Provine, 28 S. D. 200, 133 N. W. 53; Cain v. Ehrler, 33 S. D. 536. 146 N. W. 694; and West v. Middlesex Banking Co., 33 S. D. 465, 146 N. W. 598. were all actions to quiet title, involving claims for reimbursements for expenditures made in good faith by claimants under color of title, and in which the rule that he who seeks the aid of equity must do equity, was applicable.

[4] The case at bar is not one in which this rule can be applied as a condition to granting equitable relief. Appellant's contention that a certificate of tax sale may constitute color of title, or that payments of taxes thereunder may be made in good faith in reliance thereon as color of title, cannot be sustained, nor does mere silence or acquiescence of defendant, with knowledge after the fact of such payments, raise an implied promise on his part to reimburse plaintiff therefor. In saying

that a treasurer's tax sale certificate cannot constitute color of title we have reference, of course, to the certificate provided for by section 2199, Pol. Code as amended (Rev. Code 1919, § 6790) and not to the scavenger tax certificate provided for by section 15, c. 51, Laws 1901, nor to the scavenger tax certificate provided for by section 5, c. 137, Laws 1917.

It is not even suggested that plaintiff was induced by any act of defendant to make such payments, and surely defendant's silence and failure to reimburse plaintiff for payments made without defendant's knowledge or request cannot have induced such payments, nor be made the grounds of an estoppel to deny liability therefor.

The order of the trial court sustaining the demurred to the complaint is affirmed.

WHITING, J. (concurring specially). I concur in the result reached by the majority of my colleagues; but I would base such concurrence solely on the provisions of section 6798, Rev. Code 1919, the only section under which appellant claims right to a money judgment. Appellant's suggestion that he believed himself the owner of the land has no relevancy to a claim for money judgment under section 6798, and the majority opinion should have so stated. If appellant had sought subrogation, his belief that he was the owner might be material, and he might have been entitled to relief. Title Guaranty Co. v. Haven, 196 N. Y. 487, 89 N. E. 1082. 25 L. R. A. (N. S.) 1308, 17 Ann. Cas. 1131, and note following. But a right to subrogation would not rest in any manner on said section 6798, and would not carry with it any right to personal judgment against respondent.

McCOY, P. J., concurs in view of Justice Whiting.